CLD-225                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4145
_____

RICHARD POTTS,
                                        Appellant

v.

DAVID J. EBBERT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-01355)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  June 4, 2013)
_____

OPINION
_____

PER CURIAM

        Richard Potts appeals pro se from the District Court's order dismissing his petition

for a writ of habeas corpus.  Because the appeal presents no substantial question, we will

summarily affirm the District Court's order.

I.

In 2003, a jury in the United States District Court for the Eastern District of Pennsylvania convicted Richard Potts of murder and conspiracy to distribute cocaine base within 1,000 feet of a school. Following an appeal and remand for resentencing, the Eastern District sentenced Potts to two concurrent life sentences.

Since this court affirmed his sentence in 2007, Potts has filed a number of collateral attacks on his sentence. In 2009, he filed a 28 U.S.C. § 2255 motion. The District Court denied his motion, we denied Potts' application for a certificate of appealability ("COA"), see United States v. Potts, C.A. No. 10-1682 (order entered July 22, 2010), and the Supreme Court denied his petition for a writ of certiorari. Potts then filed a motion pursuant to Federal Rule of Civil Procedure 60(b). As before, the District Court denied his motion, we declined to issue a COA, see United States v. Potts, C.A. No. 11-1820 (order entered June 30, 2011), and the Supreme Court denied certiorari. Potts next filed a request for authorization to file a second or successive section 2255 motion, which we also denied. See In re: Richard Potts, C.A. No. 11-3903 (order entered Dec. 13, 2011).

Most recently, Potts filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Magistrate Judge recommended dismissing the petition for lack of jurisdiction because Potts did not demonstrate that filing a section 2255 motion would be inadequate or ineffective. Overruling Potts' objections, the District Court adopted the Magistrate Judge's recommendation and dismissed the petition. Potts timely appeals.

2

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise

plenary review over the District Court's legal conclusions. Vega v. United States, 493

F.3d 310, 314 (3d Cir. 2007). We may summarily affirm a judgment of the District Court

if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v.

Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

III.

The District Court properly dismissed Potts' section 2241 petition for lack of

jurisdiction. A motion filed under section 2255 in the sentencing court is the presumptive

means for a federal prisoner to challenge the validity of a conviction or sentence.

Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). However, a petitioner can

seek relief under section 2241 if the remedy provided by section 2255 is inadequate or

ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); In re Dorsainvil, 119

F.3d 245, 249-51 (3d Cir. 1997). "Section 2255 is not inadequate or ineffective merely

because the sentencing court does not grant relief, the one-year statute of limitations has

expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the

amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir.

2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely

narrow and applies only in unusual situations, such as those in which a prisoner has had

---

[1] A certificate of appealability is not required to appeal the denial of a section 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

no prior opportunity to challenge his conviction for actions later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

We agree with the District Court that section 2255 is not inadequate or ineffective to test the legality of Potts' detention. Potts sought to invoke the "safety valve" by way of the Supreme Court's recent decision in DePierre v. United States, 131 S. Ct. 2225 (2011). In DePierre, the Supreme Court held that the term "cocaine base" as used in 21 U.S.C. § 841(b)(1)(A)(iii) includes both crack cocaine and cocaine in its chemically basic form. 131 S. Ct. at 2237. Importantly, DePierre is consistent with precedent in this Circuit that existed at the time of Potts' sentencing, direct appeal, and section 2255 motion. See United States v. Barbosa, 271 F.3d 438, 467 (3d Cir. 2001). Because Potts does not rely on an intervening change in the law, his case is not one that falls within the ambit of Dorsainvil.[2] Moreover, the mere fact that Potts already raised his DePierre argument in an unsuccessful application to file a second or successive section 2255 motion does not make section 2255 an inadequate or ineffective remedy. See Cradle, 290 F.3d at 539. For these reasons, Potts has not shown that section 2255 is "inadequate or ineffective" to test the legality of his detention. See In re Dorsainvil, 119 F.3d at 251.

---

[2] In any case, as the District Court noted, DePierre does not exclude crack cocaine from the sentencing scheme under 21 U.S.C. § 841(b)(1)(A)(iii), see DePierre, 131 S. Ct. at 2237, and therefore does not undermine the portion of Potts' sentence that relates to conspiracy to distribute crack cocaine.

4

Accordingly, the District Court did not err in dismissing Potts' section 2241 petition for lack of jurisdiction. For substantially the same reasons set forth by the District Court, we will summarily affirm the District Court's order dismissing Potts' section 2241 petition. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.